UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY A. NOONAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SEATTLE CITY LIGHT,<br><br>　　　　Defendant. | Case No. C15-1249 RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

## I.　　INTRODUCTION

This matter comes before the Court on Defendant Seattle City Light's Motion to Dismiss Pursuant to Rules 4(j) and 4(m).  Dkt. #6.  Defendant moves for dismissal, arguing that Plaintiff's claims are barred for failure to properly serve the summons by "delivering a copy of the summons and of the complaint to its chief executive officer" or as provided under state law, as required by Rule 4(j). *Id.* at 1.  Plaintiff Timothy A. Noonan responds, but does not deny that he failed to serve Defendant in compliance with this rule.  Dkt. #10.  For the reasons set forth below, the Court agrees with Defendant, GRANTS its Motion, and dismisses Plaintiff's case.

//

//

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 1

## II. BACKGROUND

Plaintiff's Complaint was filed with the Court on August 7, 2015. Dkt. #1. Although the Complaint was delivered to Seattle City Light's paralegal on August 17, 2015, it has never been served on the City Clerk. Dkt. #8 at 2; Dkt. #7 at 25. The City notified the Plaintiff on September 17, 2015, that his attempt at service had been ineffective. *Id.* at 27-28. Plaintiff has not since served the City Clerk. Dkt. #8 at 2.

## III. DISCUSSION

A municipal corporation must be served by "delivering a copy of the summons and of the complaint to its chief executive officer" or service as provided for in state law. Fed. R. Civ. P. 4(j). Washington State law provides for service to be on the mayor, city manager, city clerk or designated agent. RCW 4.28.080(2). The City of Seattle has designated the City Clerk as its agent for service of process under this statute. SMC 3.42.030. Service must be accomplished within 90 days after the date of filing of the complaint. Fed. R. Civ. P. 4(m).

Where service is not made within the timeframe specified in Fed. R. Civ. Proc. 4(m), as here, Courts perform a two-step analysis: (1) if plaintiff can show good cause for defective service, then the Court must extend the time period, and (2) if there is no good cause, the Court has discretion to dismiss or to extend the time period for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). "At a minimum, 'good cause' [for failure to timely serve a complaint] means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754 (9th Cir. 1991). Plaintiff has the burden to show good cause. *Id*. A Plaintiff does not meet the good cause standard merely because he is acting pro se. *Hearst v. West*, 31 Fed. Appx. 366, 369 (9th Cir. 2002); *c.f. Ghazali v. Moran*, 46 F.3d 52 (9th Cir.1995) ("pro se litigants are bound by the rules of procedure").

Defendant argues that Plaintiff improperly served the Office of the Superintendent for Seattle City Light instead of the City Clerk. Defendant goes on to argue that the time limit should not be extended for service because the City brought the defect to Plaintiff's attention and Plaintiff failed to correct his mistake. Dkt. #6 at 5. In Response, Plaintiff argues that he "believed that service had been met" when he served a paralegal at the office of the Superintendent, Dkt. #10 at 1-2. Plaintiff argues that his lawsuit has merit. *Id.* at 2. Plaintiff fails to explain why he did not correct his mistake after receiving the September 17, 2015, letter. On Reply, Defendant argues that Plaintiff has failed to show good cause. Dkt. #11 at 2. The Court agrees. Plaintiff's ignorance of the law, or the merits of his case, cannot alone constitute good cause for failing to serve within the Rule 4(m) deadline. The Court finds that Plaintiff was on notice of the defect in service, yet failed to rectify within the 90-day time limit set forth in Rule 4(m), and that this constitutes inexcusable neglect under *Boudette, supra*. As such, this case must be dismissed under Rule 4(m).

## IV.   CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

1) Defendant's Motion to Dismiss (Dkt. #6) is GRANTED.

2) Plaintiff's claims are DISMISSED.

3) This case is CLOSED.

DATED this 29 day of February 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE